# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ADRIAN WALTER,

    Plaintiff,

v.                                                   Case No.  4:24-cv-84-AW/MJF

DBNCH CIRCLE LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff alleges that he was shot while shopping at a Circle K store in Tallahassee and that the owner of the store was negligent in failing to employ security guards. Because Plaintiff has not alleged facts which indicate that the District Court enjoys subject matter jurisdiction, the District Court should dismiss this action without prejudice.

## I. BACKGROUND

### A. Plaintiff's Complaint

    Plaintiff, a non-prisoner proceeding *pro se*, utilized the court's approved form for civil rights actions. Doc. 1. On the pre-printed form, Plaintiff checked a box indicating that the court's basis for jurisdiction

was predicated on federal-question jurisdiction insofar as he was bringing a claim under 42 U.S.C. § 1983. *Id.* at 4. In his statement of claims, however, Plaintiff asserts only a claim of negligence against a private limited liability company. *Id.* at 6. Specifically, he claims that on June 18, 2021, he was at a Circle K owned by Dbnch Circle LLC, when an unidentified person shot Plaintiff. *Id.* At the time of the incident, the store did not employ security guards. *Id.*

B.  **The Undersigned's Order to Amend the Complaint**

On February 21, 2024, the undersigned advised Plaintiff that Plaintiff had failed to allege an adequate basis for the District Court's subject matter jurisdiction. Doc. 3. The undersigned directed Plaintiff to file a first amended complaint that provided a sufficient basis for the District Court's subject matter jurisdiction. The undersigned imposed a deadline of March 6, 2024, to comply. The undersigned warned Plaintiff that the failure to comply timely likely would result in dismissal of this action for lack of subject-matter jurisdiction. As of the date of this report and recommendation, Plaintiff has not complied with that order.

## II. DISCUSSION

**A.** <u>Standard</u>

Federal courts are courts of limited jurisdiction, and they possess only the power authorized by the Constitution and Congress. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, before addressing the merits of a civil action, a federal court must assure itself that it enjoys subject matter jurisdiction over the plaintiff's claims. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003); *see ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868).

The party who seeks to invoke a federal court's jurisdiction bears the burden for establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). That party must affirmatively allege facts that, taken as true, show the existence of subject matter jurisdiction. *Travaglio v. Am. Express Co.*, 735 F.3d 1266,

1268 (11th Cir. 2013); *see* Fed. R. Civ. P. 8(a)(1) (requiring a pleading to state a "short and plain statement of the grounds for the court's jurisdiction").

## B. <u>Federal-Question Jurisdiction</u>

Plaintiff failed to allege facts which indicate that the District Court enjoys federal-question jurisdiction.

In bestowing general federal-question jurisdiction on federal courts, Congress authorized district courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal-question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). That is, the complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

When reviewing a plaintiff's complaint, courts look to the substance, not merely the labels, of the plaintiff's claims *See Mosher v. City of Phoenix*, 287 U.S. 29, 30 (1932). A district court may dismiss a federal-question claim for lack of subject matter jurisdiction when "(1) the alleged claim under the Constitution or federal statutes appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (internal quotations omitted).

Although Plaintiff checked a box on the pre-printed complaint form indicating that Plaintiff was asserting a claim under 42 U.S.C. § 1983, this is insufficient to allege that the District Court enjoys federal-question jurisdiction. In his complaint, Plaintiff does not allege that Defendant was acting under the color of state law. Doc. 1 at 4. In his statement of claims section, Plaintiff does not allege that his Constitutional rights were violated. *Id.* at 6. Indeed, he asserts he is bringing a negligence claim because Defendant failed to employ security guards. *Id.* Furthermore, Plaintiff identifies no federal law that creates a cause of action for negligence against private individuals or companies.

Accordingly, Plaintiff has failed to allege facts which indicate that the District Court enjoys federal-question jurisdiction over this action.

## C. <u>Diversity-of-Citizenship Jurisdiction</u>

Plaintiff also failed to plead any facts that would indicate the District Court enjoys diversity-of-citizenship jurisdiction.

Diversity-of-citizenship jurisdiction requires (1) complete diversity of the parties' citizenship and (2) an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. In order to meet the complete diversity requirement, every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). For a natural person, federal courts determine a party's citizenship by examining the party's domicile. *Travaglio*, 735 F.3d at 1269. Domicile requires both residence in a state and an intention to remain there indefinitely. *Id.* "An individual can have only one domicile at a time." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021).

A limited liability company "is a citizen of every state that any member is a citizen of." *Purchasing Power, LLC v. Bluestream Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017); *see Carden v. Arkoma Assocs.*,

494 U.S. 185, 195–96 (1990). Accordingly, to allege the citizenship of a limited liability company, a plaintiff must "list the citizenship of all the members of the limited liability company . . . ." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).

Here, Plaintiff did not allege his citizenship or Defendant's citizenship. *See* Doc. 1. Plaintiff provided only his mailing address and that of Defendant—both of which are located in Tallahassee, Florida. *Id.* at 2–3. Thus, Plaintiff failed to allege facts which indicate that the District Court enjoys diversity-of-citizenship jurisdiction.

## III. Conclusion

Because Plaintiff has not alleged facts which indicate that the District Court enjoys subject matter jurisdiction, the undersigned respectfully recommends that the District Court:

1. **DISMISS** without prejudice this civil action for lack of subject matter jurisdiction; and

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 25th day of March, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**